FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

STEVE DOYLE, *et al.*

Plaintiffs,

v.

CHRYSLER GROUP LLC,

Defendant.

Case No. SA-CV-13-620-JVS-AN

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS (as modified by the Court)

After consideration of the parties' Stipulated Protective Order Regarding Confidentiality and Return of Documents, and good cause appearing, IT IS HEREBY ORDERED that the following provisions shall govern this matter:

1. In connection with discovery furnished by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains

or reflects trade secrets or other confidential research and development, financial, or commercial information, or personal information regarding individuals. Documents designated as "Confidential" shall be limited to documents which have not been made public and in which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position or the personal privacy of the individual disclosing it.

2. Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production. Similarly, documents produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media as "Confidential" or placing the electronic file in a folder labeled "Confidential." Labeling "Confidential" on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the designating party. Within four weeks of receiving a deposition transcript, any party may designate any or all portions of it as "Confidential" by written notice served on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment. During the four-week period following receipt of the deposition transcript, it shall be treated as "Confidential," unless otherwise agreed to by the parties. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

3. The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential" and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential."

4. In the event that any party objects to the designation of any documents as "Confidential," that party may serve written notice on all parties specifying which documents are improperly designated. During the fourteen (14) day period following service of such a notice, the parties shall confer in an effort to resolve the objections. If the dispute is not resolved, the parties will follow the procedures set forth in Local Rules 37-1 and 37-2 governing discovery disputes to resolve whether the documents should be treated as "Confidential." The specified documents shall continue to be treated as "Confidential" pending resolution of the dispute by the Court. The party seeking to designate the document(s) as "Confidential" shall have the burden to establish that the document(s) qualify as "Confidential."

5. Documents designated as "Confidential" (and any "Confidential" information contained therein or any "Confidential" information that is utilized or placed in another document) may be disclosed or made available by the receiving party only to the following:

    (a) The Court (including the Court's administrative and clerical staff). If any papers to be filed with the Court contain "Confidential" information, the proposed filing shall be accompanied by an application to file the papers or portion thereof containing the protected information under seal, and the application shall be directed to the judge to whom the papers are directed.

    (b) Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

    (c) The parties as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

    (d) Court reporters transcribing depositions in the Action.

    (e) Any deposition, trial, or hearing witness in the Action, so long as they execute the form attached hereto as Exhibit A.

    (f)    Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A.

    (g)    Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

Nothing contained herein is intended to prevent either party from using "Confidential" documents or information at a hearing or trial in this matter; however, the parties shall take steps at the appropriate time to protect the confidential nature of the information and the use and treatment of such information will be addressed by separate Order.

    6.    Documents designated as "Confidential" and information contained therein, shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

    7.    Within thirty (30) days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all documents produced in this Action and all copies thereof. Alternatively, the parties and their counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Within the same thirty (30) day period, counsel shall supply to the producing party copies of each statement in the

1  form attached hereto as Exhibit A that were signed pursuant to paragraph 5 of this
2  Order.  Each counsel of record for the receiving party may retain only one archival
3  copy of:  deposition exhibits; exhibits used in proceedings before the Court;
4  documents included in submissions to the Court; and "Confidential" information to
5  the extent it is included in such papers or reflected in that counsel's work product.
6        8.  Any documents produced by a non-party witness in discovery in the
7  Action pursuant to subpoena or otherwise may be designated by such non-party as
8  "Confidential" under the terms of this Order, and such designation shall have the
9  same force and effect, and create the same duties, obligations, and remedies as if
10 made by one of the parties hereto.
11       9.  If a party is served with a subpoena issued in other litigation that
12 compels disclosure of any information or items designated in this action as
13 "Confidential" that party must:  (a) promptly notify in writing the designating party
14 and such notification shall include a copy of the subpoena; (b) promptly notify in
15 writing the party who caused the subpoena to issue in the other litigation that some
16 or all of the material covered by the subpoena is subject to this ~~Stipulated~~
17 ~~Protective~~ Order and such notification shall include a copy of this ~~Stipulated~~
18 ~~Protective~~ Order; and (c) cooperate with respect to all reasonable procedures
19 sought to be pursued by the designating party whose protected material may be
20 affected.  If the designating party timely seeks a protective order, the party served
21 with the subpoena shall not produce any information designated "Confidential"
22 before a determination by the court from which the subpoena was issued, unless
23 otherwise agreed to by the designating party.  Nothing in this Order shall be
24 construed as authorizing a party to disobey a lawful subpoena issued in another
25 action.
26 //
27 //
28 //

Case 8:13-cv-00620-JVS-AN Document 47 Filed 11/06/13 Page 6 of 7 Page ID #:692

10. This Order may be amended or modified only by the Court.

IT IS SO ORDERED.

DATED: _November 6, 2013    _____
                            Honorable Arthur Nakazato
                            United States Magistrate Judge

# EXHIBIT A

1. I, _____, residing at _____ have read the foregoing Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *Steve Doyle et al. v. Chrysler Group LLC*, No. 8-13-cv-00620-JVS-AN, pending in the United States District Court for the Central District of California, Southern Division. I agree to be bound by its terms with respect to any documents designated as "Confidential" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third party according to the terms of paragraph 7 of that Order.

2. I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____   _____
Signature                                Date