UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**  **(IN CHAMBERS) Order Granting in Part and Denying in Part Plaintiff's Motion to Certify Class (Fld 5-9-14);
Order Granting Defendant's Motion for Sanctions for Spoilation of Evidence (Fld 7-10-14) ; and
Order Denying Defendant's Motion to Strike the Declarations of Muhammed T. Hussain and Robert B. Sherwood (Fld 7-11-14)**

  This putative class action arises out of Plaintiffs' purchase of replacement window regulators manufactured, distributed, or sold by Chrysler Group LLC ("Chrysler") for model-year 2002–2007 Jeep Liberty vehicles.  More specifically, Plaintiffs bring this action on behalf of themselves and putative classes of owners of model-year 2002–2007 Jeep Liberty vehicles ("vehicles"), who, since June 10, 2009,[1] purchased defective replacement window regulators, lift plates, or related mechanisms (collectively, "replacement regulators") from Chrysler's network of authorized dealers, or otherwise had a defective regulator installed in their vehicles. (¶ 1.)[2]

  Presently before the Court is Plaintiffs' Motion for Class Certification (Docket No. 69) and two related Motions.  The first is Chrysler's Motion to Strike the Sherwood and Hussain Declarations. (Docket No. 120.)  The second is Chrysler's Motion for

---

  [1] On that date, Chrysler purchased substantially all of the assets of Chrysler LLC ("Old Carco"), which had previously filed for Chapter 11 bankruptcy. (SAC ¶ 41.)  As part of the transaction, Chrysler assumed certain warranty-related obligations of Old Carco, including the obligation to cover the cost of parts and labor for repairs made under vehicle warranties. (Id.)

  [2] Otherwise undesignated paragraph references are to the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
|---|---|---|---|

| Title | Steve Doyle et al. v. Chrysler Group LLC |
|---|---|

Evidentiary Sanctions. (Docket No. 114.) These matters are fully briefed by the parties.[3] As set forth below, the Court grants in part and denies in part the Class Certification Motion, denies the Motion to Strike, and denies the Motion for Sanctions.

## I. Motion to Strike

Chrysler moves to strike the Hussain and Sherwood Declarations, which have been offered in support of Plaintiffs' Motion for Class Certification. (See Docket Nos. 91–92.) These Declarations present summaries of customer complaints arguably related to the allegedly defective replacement window regulators, lift plates, or related mechanisms (collectively, "replacement window regulators") that are the subject of this action. (See generally id.)

Chrysler challenges the summaries on a number of evidentiary bases. However, these are summaries prepared by counsel "to prove the content of voluminous writings," as permitted by Federal Rule of Evidence 1006. The summaries are not objectionable because they are based on customer complaints that might in some instances constitute hearsay. To the extent that the summaries are offered to prove notice to Chrysler, they are not hearsay at all because they are not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c)(2). It also appears that the underlying customer complaints are subject to the business records exception and are therefore admissible hearsay. See Fed. R. Evid. 803(6)(A)–(E).

Additionally, and more fundamentally, issues of class certification are subject to more relaxed evidentiary requirements. "Unlike evidence presented at the summary judgment stage, evidence presented in support of class certification need not be admissible at trial." Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Services, Inc., No. 05cv1199-IEG-CAB, 2009 WL 249888, at *3 (S.D. Cal. Mar. 20, 2009); cf. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974) (describing a court's determination of class certification as based on "tentative findings, made in the absence of established safeguards" and describing a class certification procedure as by "necessity . . . not accompanied by the traditional rules and procedures applicable to civil trials").

---

[3] Timely Opposition briefs and Reply briefs were filed. (Docket Nos. (117, 126–129, 137.) The Court authorized Chrysler's filing of its Supplemental Opposition to the Motion for Class Certification. (See Docket No. 143.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Chrysler does not contend that the Exhibits attached to the Declarations are mistaken or inaccurate in their presentation of data provided to Plaintiffs by Chrysler. The Court's examination of the Declarations reveals that they are Rule 1006 summaries of data provided by Chrysler that is not offered for the truth of the matter asserted and that are, in any event, admissible pursuant to the business records exception to the hearsay rule. Even if that were not the case, the Court could still consider the Declarations in connection with the Motion for Class Certification because such evidence need not be admissible.

The Court therefore denies the Motion to Strike.

## II.   Motion for Sanctions

Chrysler seeks sanctions as to Plaintiff Robin Allen, the sole potential Maryland class representative, based on her action in selling her Jeep vehicle without notice to Chrysler. (Motion at 1.) In Chrysler's view, this represents spoliation of evidence as it deprives Chrysler of the opportunity to conduct a vehicle inspection. (Id.) As a result of this action, Chrysler seeks an adverse inference instruction at trial, and also a finding that Allen is not a proper class representative. (Id.)

In July 2013, Allen visited a website related to an investigation of Jeep vehicle window regulators and submitted her contact information. (Allen Decl. ¶¶ 12–13.) Counsel responded to Allen's contact information by providing "a short introductory email" on September 24, 2013.[4] (Id. ¶ 14.) On October 11, 2013, Allen traded in her Jeep vehicle. (Id. ¶ 15.) Counsel contacted Allen by phone nine days later on October 20, 2014. (Id.) On that day, Allen retained counsel's services. (Id.)

A court may sanction a party who despoils evidence on either of two bases: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2)).

Generally, three types of non-monetary sanctions may be imposed. First, and least

---

[4] A copy of the email was provided to the Court at the hearing for *in camera* review. The email does not materially affect the Court's analysis. (See Reply at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

severely, the Court, at trial, may instruct the jury that based on a party's destruction of evidence, it may draw an inference adverse to that party. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993). Second, a court can exclude witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence. Id. Finally, and most severely, a court may dismiss the claim of the party responsible for destroying the evidence or, where the accused party is a defendant, enter default judgment as to a claim or claims. See In re Exxon Valdez, 102 F.3d 429, 432–33 (9th Cir.1996).

Here, Chrysler seeks sanctions in the form of an adverse inference instruction at trial and a finding that Allen is not a proper class representative. The giving of such an instruction is justified for its deterrent effect. Akiona v. United States, 938 F.2d 158, 161 (9th Cir.1991). This type of sanction need not be supported by a finding of bad faith; instead, "simple notice of [the despoiled evidence's] 'potential relevance to the litigation'" will support its imposition. Glover, 6 F.3d at 1329.

As noted above, Allen herself investigated the possibility that she had a claim against Chrysler by visiting counsel's website devoted to that topic. She thereafter sought contact with counsel and indicated an interest in pursuing a claim. Although she and counsel both represent no substantive communication occurred prior to her trading in the vehicle, no bad faith is required in order for the Court to impose the least severe evidentiary sanction of instructing a jury that it *may* make an adverse inference as a result of Allen's sale of the vehicle. When one is contemplating making a claim that a vehicle is defective, it takes no special training or particular sophistication to recognize the potential relevance of that vehicle as evidence of one's claim.

Therefore, on this record, the Court finds that an adverse inference instruction regarding Allen's sale of her vehicle is warranted. The Court therefore grants Chrysler's Motion for Evidentiary Sanctions.

The Court also grants Chrysler's request that Allen be found to be an inadequate class representative. However, the Court does not do so as an evidentiary sanction. The finding she is not a proper class representative is not itself an evidentiary sanction; rather, it is merely a consequence of bearing the burden of that sanction. Specifically, as a result of the adverse inference instruction, Allen's claim against Chrysler will be subject to an additional obstacle which does not burden the claims of the other class members. Like all class members, Allen will be required to prove all elements of her claim, but unlike other

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

class members, she would also be required to overcome any adverse inference a jury might draw as a result of her sale of the vehicle. Thus, as a result of the adverse inference evidentiary sanction, her claim is atypical and she is an inadequate class representative.

### III. Motion for Class Certification

#### A. Alleged Defect

Plaintiffs describe the function and composition of a "window regulator," and they provide an overview of its design and operation. (¶ 4.) Included is an explanation that the glass windowpane is attached to a plastic window bracket. (Id.) The alleged defect is the result of the insufficient strength of this plastic window bracket, which makes the bracket prone to mechanical failure. (¶ 5.) When the plastic fails, a metal spiral cable separates from the bracket, and the window falls. (Id.) "Depending on the angle of the fall, the affected window can bind, stick, tip forward, or chatter, but most often it crashes to the bottom of the door, sometimes with sufficient force to shatter the glass." (Id.)

Plaintiff's expert, Dr. Stephen Batzer, has offered the opinion that a part of the replacement window regulators, the "lift plate," which are made of a polyoxymethylene thermoplastic (or "POM"), is subject to "heat creep," which can result in "permanent deformation leading to catastrophic failure." (Batzer Report at 10, 21.)

#### B. Class Definitions

Plaintiffs seek to certify a California class and a Maryland class. The class definitions have evolved over the course of this litigation. Most recently, Plaintiffs amended their class definitions to include a temporal limitation that was made relevant by their expert's testimony.[5]  (See Reply at 1–2.)

More specifically, Dr. Batzer testified that he lacked data to form an opinion as to whether there was a defect in certain redesigned parts referred to as "service kits" that

---

[5] Because this limitation was first articulated by Plaintiffs in the Reply brief, the Court permitted Chrysler to file its Supplemental Opposition brief. In their Motion, Plaintiffs sought certification of "[a]ll persons and entities in the State . . . who own(ed) or lease(d) a model year 2002 through 2007 Jeep Liberty Vehicle and who purchased a Replacement Regulator from, or otherwise had a Replacement Regulator installed by, Chrysler or its network of authorized dealers at any time on or after June 10, 2009." (Motion at 10.)

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
|---|---|---|---|

| Title | Steve Doyle et al. v. Chrysler Group LLC |
|---|---|

became available some time around December 9, 2010 for Model Years ("MY") 2006–2007 and January 11, 2011 for MYs 2002–2005. (Id.; cf. Opp'n at 6–8 (citing Batzer Depo. at 159–75).) Instead, Dr. Batzer's opinion applied to only the earlier "pin on glass" replacement window regulators.

As explained by Chrysler, the "pin on glass" replacement window regulator purchased by consumers for 2006 and 2007 MYs consisted of a track, motor, lift plate, cable, cable housing, glass, and glass run channels. (Radyko Decl. ¶¶ 5–17.) Replacement window regulators for 2002 through 2005 MYs did not require purchase of glass or glass run channels. (Id.) In contrast, the "service kit" allowed for replacement of the lift plate only, and included design changes to address the "heat creep" that Dr. Batzer opined was the cause of repeated window regulator failure in the vehicles. (Id. ¶¶ 18–24.)

Therefore, with the present Motion and the newly defined class period, Plaintiffs seek certification of a California class and a Maryland class comprised of "[a]ll persons and entities in the State . . . who own(ed) or lease(d) a model year 2002 through 2007 Jeep Liberty Vehicle and who purchased a Replacement Regulator from, or otherwise had a Replacement Regulator installed by, Chrysler or its network of authorized dealers at any time on or after June 10, 2009" but before December 9, 2010 (for MY 2006–2007) or January 11, 2011 (for MY 2002–2005). (See Motion at 10; Reply at 1.)

  C. Class Certification Standard

A motion for class certification involves a two-part analysis. First, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Second, a plaintiff must meet the requirement for at least one of the three subsections in Rule 23(b). Here, Plaintiffs assert that the putative class meets the requirements for Rule 23(b)(3), which provides that a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Plaintiffs bear the burden of demonstrating that Rules 23(a) and (b) are satisfied. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). Although a court must rigorously analyze whether the prerequisites of Rule 23 are met, Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982), Rule 23 nevertheless confers upon the district court "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001).

The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation." Gable v. Land Rover N. Am., Inc., 2011 U.S. Dist. LEXIS 90774, *9 (C.D. Cal. July 2011) (quoting In re Citric Acid Antitrust Litigation, 1996 U.S. Dist. LEXIS 16409 at * 2 (N.D. Cal. Oct. 1996)); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975). The court must take the substantive allegations of the complaint as true, "thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations." Gable, 2011 U.S. Dist. LEXIS 90774, at *9. The district court may consider the merits of the claims asserted to the extent they are related to the Rule 23 analysis. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551–52 & n.6; Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 947 n.15 (9th Cir. 2009).

In addition to more precisely articulated provisions of Rule 23(a) and (b), there is the implied prerequisite that the class be sufficiently definite and ascertainable. Xavier v. Philip Morris USA Inc., 787 F. Supp. 2d 1075, 1089-90 (N.D. Cal. 2011) (finding that it was impossible to ascertain a class of long-term smokers who smoked only Marlboro cigarettes for "twenty pack years"). The court explained the purpose of the ascertainability requirement:

> Ascertainability is needed for properly enforcing the preclusive effect of final judgment. The class definition must be clear in its applicability so that it will be clear later on whose rights are merged into the judgment, that is, who gets the benefit of any relief and who gets the burden of any loss. . . . Indeed, courts of appeals have found class certification to be inappropriate where ascertaining class membership would require unmanageable individualized inquiry.

Id. at 1089 (internal citations omitted); cf. Hesse v. Sprint Corp., 598 F.3d 581, 590 (9th Cir. 2010) (noting the res judicata effect of a class-action settlement and judgment as to

Case 8:13-cv-00620-JVS-AN  Document 147  Filed 10/09/14  Page 8 of 15  Page ID #:3872

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 13-00620 JVS (ANx)                                Date   October 9, 2014

Title   Steve Doyle et al. v. Chrysler Group LLC

claims that not presented in the class action). Accordingly, this Court may certify the class only if Plaintiffs demonstrate that the class definition is sufficiently definite and the members of the putative class may be ascertained without "unmanageable individualized inquiry." Xavier, 2011 WL 1464942, at *12. Other Circuits have held similarly. See, e.g., Romberio v. Unumprovident Corp., 385 Fed.Appx. 423, 431–33 (6th Cir. 2009) (denying class certification because of individualized fact-finding required to determine whether each insured fell within the definition of the class); John v. Nat'l Sec. Fire and Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) (noting that "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23"); see also Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1071 n.3 (9th Cir. 2014) (referring in passing to a class certification "threshold ascertainability test").

      D.     Application of the Class Certification Standard

           1.     California — Class Certification Granted

After consideration of the ascertainability requirement, the Rule 23(a) requirements, and the Rule 23(b)(3) requirements, the Court determines that the California class should be certified.

                a.     Ascertainability

Chrysler argues that the class is not ascertainable. Specifically, it argues that neither it nor its dealers maintain records necessary to identify class members, that there are other sources of replacement window regulators, and that vehicle inspection is necessary to identify class members. (Motion at 15.) At the hearing, Plaintiffs argued that identification of the class could be accomplished by requiring class members to substantiate their class membership with documentary evidence that they had installed on their vehicles one of four part numbers identified on the record.[6] Specifically, for MYs 2002–2006, those parts are numbers 55360030AM, 55360031AM, 55360034AJ, and 55360035AJ. (Radyko Supp. Decl. ¶ 16.)

With this modification, the Court finds that the class is ascertainable. Accord In re

---

[6] Plaintiffs did so in response to the Court's tentative Order, which concluded that the issues identified by Chrysler precluded a finding of ascertainability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig., 300 F.R.D. 347, 367 (C.D. Cal. 2013); Tchoboian v. Parking Concepts, Inc., SACV 09-422 JVS (ANX), 2009 WL 2169883, at *4-5 (C.D. Cal. July 16, 2009).

  b. Rule 23(a) Requirements

    i. Numerosity

 Rule 23(a)(1) requires that a class be sufficiently numerous that it would be impracticable to join all members individually. Chrysler's answer to Plaintiffs' Interrogatory reveals that it sold over 16,000 Replacement Regulators in California in 2009 and 2010. (See Gignac Decl. Ex. 4.) Although these numbers are not precisely correlated to the number of class members, they are nevertheless sufficient to provide a rough estimate that clearly establishes that the class is likely to be comprised of thousands of members. Accordingly, the Court finds that the numerosity requirement is met.

    ii. Commonality

 Rule 23(a)(2) requires that questions of law or fact be common to the class. A common question "must be of such a nature that it is capable of classwide resolution — which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Dukes, 131 S. Ct. at 2551. Plaintiff identifies a number of common factual and legal issues, including whether there is a defect, whether there was duty to disclose the defect, whether it poses an unreasonable safety risk, whether Chrysler knew of should have known of that defect, whether Chrysler concealed the existence of a defect, and whether any of these actions amount to a violation of the statutes underlying Plaintiffs' claims. (See Motion at 15–16.) The Court agrees all these issues are common to the class, and that these common issues are sufficient to meet the requirements of Rule 23(a)(2). See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) (referring to commonality as a "minimal requirement[]").

 The Court concludes that the commonality requirement is met.

    iii. Typicality

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Under the "permissive standards" of this Rule, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The danger against which this requirement is meant to guard is whether "absent class members will suffer if their representative is preoccupied with defenses unique to it." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). To meet the typicality requirement, Plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." Id.

Plaintiffs have made this showing. Doyle, like other class members, has been required to seek repeated repairs of window regulators, with the accompanying inconvenience and expense. Moreover, the class members who still possess their vehicles, like Doyle, continue to experience the significant potential for additional failure of the defective parts. Although some class members may have experienced injury in the form of diminished value upon resale rather than repeated repairs, this injury is similar to that experienced by Doyle in that it resulted in additional expenses as a result of the defect. Importantly, all class members are alleged to have suffered injury as a result of the same conduct by Chrysler. Specifically, all class members allegedly suffered injury as a result of Chrysler's continued sale of defective replacement parts and its practice of knowingly replacing defective parts that have failed with new parts that have the same defect.

Therefore, the Court finds that the typicality requirement is met.

### iv. Adequacy

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 578 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members. Lerwill v. Inflight Motion Pictures, Inc., 582

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

F.2d 507, 512 (9th Cir. 1978). The named plaintiffs and their counsel must have "the zeal and competence" necessary to prosecute the action. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). Proposed class representatives have a conflict of interest with the absent putative class members if they do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members. See Lierboe v. State Farm. Mut. Auto Ins. Co., 350 F.3d 1018, 1022–23 (9th Cir. 2003) (finding that class representatives must have standing to bring all claims held by the putative class to which they belong and which they purport to represent).

Defendants argue that because the class representatives do not have sufficient knowledge about the litigation, they are inadequate representatives. (Opp'n at 19–20.) Moreover, although Chrysler does not question counsel's qualifications, it notes what it believes are inadequacies in certain advice counsel have apparently given to Plaintiffs. (Id.) The Court sees no need to impose upon class representatives the duty to understand all aspects of class litigation. It is sufficient that they understand the basics of their claims and otherwise act in a manner that is consistent with their duty to represent the class. Moreover, although Plaintiffs' counsel's actions are not what Chrysler would have them do, their actions are within the bounds of permissible advocacy, and Chrysler is not entitled to dictate opposing counsel's litigation strategy.

The Court finds that the adequacy of representation requirement has been met.

   c. Rule 23(b)(3) Standards

    i. Predominance

Relevant to the issue of predominance, Rule 23(b)(3) requires that "the court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members." Id. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623 (1997). It "focuses on the relationship between the common and individual issues." Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001). Stated otherwise, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Hanlon, 150 F.3d at 1022. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Zinser, 253 F.3d at 1189 (internal quotation marks and citation omitted).

As noted above, Plaintiff identifies a number of common factual and legal issues, including whether there is a defect, whether there was duty to disclose the defect, whether it poses an unreasonable safety risk, whether Chrysler knew of should have known of that defect, whether Chrysler concealed the existence of a defect, and whether any of these actions amount to a violation of the statutes underlying Plaintiffs' claims. (See Motion at 15–16.) The Court agrees that these issues predominate.

Chrysler argues that damages cannot be determined on a classwide basis. Chrysler relies on Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013), for the proposition that for a class to be appropriate for certification, damages must be measurable "on a class-wide basis through use of a common methodology." (Opp'n at 24 (quoting id. at 1430).) However, Comcast so stated in light of the district court's holding that there was only one theory of damages available to successful plaintiffs in that case. (See id. at 1433 ("If respondents prevail on their claims, they would be entitled only to damages resulting from reduced overbuilder competition, since that is the only theory of antitrust impact accepted for class-action treatment by the District Court.").) The Seventh Circuit has explained this aspect of Comcast: "Comcast holds that a damages suit cannot be certified to proceed as a class action unless the damages sought are the result of the class-wide *injury* that the suit alleges." Butler v. Sears, Roebuck & Co., 727 F.3d 796, 799 (7th Cir. 2013), cert. denied, 134 S. Ct. 1277 (2014). Here, as was the case in Butler, and "[u]nlike the situation in Comcast, there is no possibility in this case that damages could be attributed to acts of the defendants that are not challenged on a class-wide basis . . . ." Id. at 800.

In its tentative Order, the Court concluded that certain minor differences among four different models of replacement window regulators contributed to the finding that individual issues predominated over common ones. Upon reflection, and upon having resolved the ascertainability issues that also contributed to the lack of predominance, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

Court concludes that these minor differences are no obstacle to certification.[7]

Thus, the Court concludes that the common issues identified by Plaintiffs predominate over the individual ones.

### ii.  Superior Method of Adjudication

Relevant to the issue of superiority, Rule 23(b)(3) requires that " the court find[] . . . that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Id.  This requirement is broken down into non-exclusive factors that include:

> "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)–(D).

A class action is the superior method for managing litigation where common issues will reduce litigation costs and promote great efficiency, and where no realistic alternative to class resolution exists.  Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996).  This superiority inquiry requires a comparative evaluation of alternative mechanisms of dispute resolution.  Hanlon, 150 F.3d at 1023.

Applying the first factor, the class members have little interest in individually controlling the prosecution of the present claims against Chrysler.  This is the typical consumer class action case with thousands of class members, each of whom has a low amount in controversy.  In this manner, the present action presents issues like those presented in Hanlon, which dealt with the cost of the repair of a defective minivan liftgate.  150 F.3d at 1023.  This factor favors class certification.

---

[7] That replacement regulators may fail at different rates in different parts of the country does not override the predominating issue: the mode of failure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

As to the second factor, Plaintiffs represent that "only a handful" of other Jeep Liberty owners have commenced litigation regarding the replacement window regulators. (Goldenberg Decl. ¶ 12.) Chrysler does not contend otherwise. Therefore, this factor favors class certification as well.

As to the third factor, the Court agrees that because of the common factual and legal issues discussed throughout this Order, it is desireable to concentrate those cases in a single forum. This practice promotes judicial efficiency and permits a single adjudication regarding issues of the existence of a defect and Chrysler's knowledge of that defect. Thus, the third factor likewise favors class certification.

As to the fourth factor, as articulated in In re Napster, Inc. Copyright Litig., C MDL-00-1369 MHP, 2005 WL 1287611 (N.D. Cal. June 1, 2005), the adjudication of thousands of claims, however similar those claims might be, "present[s] logistical difficulties." Nevertheless, "case management problems that may arise upon certification of the class must be compared to the alternative method of adjudicating the parties' claims: that is, thousands of actions by individual class members." Id. Thus, this Court also concludes that "[w]hen viewed from this perspective, a class action is still clearly the most efficient and in all likelihood the most equitable method for resolving the parties' dispute." Id. Accordingly, the fourth factor favors class certification as well.

### d. Ruling Certifying California Class

As noted, and upon review of the record, the Court finds that the Plaintiffs have defined an ascertainable class, and that they have shown that the Rule 23(a) and Rule 23(b) requirements have been met. Therefore, the Court grants the Motion for Class Certification and certifies the California class described *supra* section III.B.

### 2. Maryland — Class Certification Denied

As noted above, because Allen bears the additional burden of overcoming an adverse inference instruction based on the sale of her vehicle, her claim is not typical of the class. Allen's sale of her vehicle is not a peripheral issue. The drumbeat of cross-examination could well be overwhelming, particularly if Chrysler appeals to a juror's common-sense understanding that it is unfair to Chrysler to seek damages for an alleged defect which it is denied an opportunity to inspect. Thus, the Maryland class fails to meet the typicality requirement of Rule 23(a)(3). The Motion to Certify a Maryland class is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00620 JVS (ANx) | Date | October 9, 2014 |
| Title | Steve Doyle et al. v. Chrysler Group LLC | | |

denied for that reason.

Additionally, that additional burden makes Allen an inadequate class representative. <u>Accord</u> <u>Falcon</u> <u>v.</u> <u>Philips</u> <u>Electronics</u> <u>N.</u> <u>Americ</u> <u>Corp.</u>, 06 CIV. 6090 (JSR), 2007 WL 959374, at *1 (S.D.N.Y. Mar. 30, 2007) (holding that disposal of an allegedly defective television set caused a named plaintiff to be an inadequate class representative), <u>aff'd</u>, 304 F. App'x 896 (2d Cir. 2008). The Motion to Certify a Maryland class is denied for this reason as well.

### IV. Conclusion

As set forth herein, the Court grants in part and denies in part the Class Certification Motion (Docket No. 69), denies the Motion to Strike (Docket No. 120), and grants the Motion for Evidentiary Sanctions. (Docket No. 114). The Court certifies the California class defined in section III.B.

**IT IS SO ORDERED.**

| | 00 : 00 |
|---|---|
| | Initials of Preparer    kjt |